# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MILTON MCDANIEL,**

    **Plaintiff,**

    **v.**                                                                            Case No. 18-CV-208

**WAUPUN CORRECTIONAL INSTITUTION,**

    **Defendant.**

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

Milton McDaniel, who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights by not transferring him to the behavioral health unit (BHU) due to his mental health. He has also filed a motion seeking leave to proceed without prepayment of the filing fee, two motions requesting use of his release account to pay his initial partial filing fee, and a motion to appoint counsel. I will address each in turn.

As an initial matter, not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen the complaint pursuant to the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act applies to this case because McDaniel was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

McDaniel filed a motion to proceed without prepayment of the filing fee on February 12, 2018, and just days later filed a certified copy of his prisoner trust account statement. The statement showed that the average monthly deposit of his account was $10.83 and the average monthly balance was $0.01. Based on this information, on February 23, 2018, I ordered McDaniel to forward to the Clerk of Court $2.17 (20 percent of $10.83) as an initial partial filing fee. McDaniel then filed two motions requesting use of his release account to pay his initial partial filing fee because he does not have adequate funds in his regular account.

Review of McDaniel's trust account confirms that he lacks the assets and means in his regular account to pay the initial partial filing fee. Given the reason for the release account—to be used upon the prisoner's release from custody upon completion of his sentence—and the fact that McDaniel's trust account shows his lacks the funds to pay the initial partial filing fee, I will waive the fee. *See Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466).

McDaniel is still obligated to pay the full filing fee, but he may do so over time pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See* 28 U.S.C. § 1915(b)(1).

    2.    *Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, I follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give the pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 103). To prevail on an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle*, 429 U.S. at 106. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

As for the Eighth Amendment's subjective component, the Supreme Court has held that deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadvertent error, negligence, gross negligence or even ordinary malpractice are insufficient grounds for invoking the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996); *see also Snipes*, 95 F.3d at 590-91. Indeed, a prison official has a sufficiently culpable state of mind

4

when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)). Thus, deliberate indifference in the denial or delay of medical care is evidenced by a defendant's actual intent or reckless disregard.

McDaniel alleges that the "Waupun Correctional Institution employees" violated his Eighth Amendment right to medical care by not transferring him to BHU. Specifically, he states: "Relief wanted! Mentality disable inmate that's been institutionalized for over eight years and the prison guards [failed] to put inmate in BHU the inmate is a mentality disturb inmate that all [stressed] out suing for $485,000.00." Docket # 1 at 2. McDaniel's complaint has at least three deficiencies.

First, he fails to name the proper defendant. Section 1983 allows a plaintiff to sue any "person" who violates his civil rights under color of state law. The WCI is not a proper defendant, because it is building and not a person that may sued under § 1983. *Nava v. Sangamon County Jail*, 2014 WL 1320259, *2 (C.D. Ill. April 2, 2014); *Wright v. Porter County*, 2013 WL 1176199, *2 (N.D. Ill. Mar. 19, 2013) ("Wright also sued the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); *Phillips v. Sangamon County Jail*, 2012 WL 4434724, *2 (C.D. Ill. Sept. 24, 2012).

Second, McDaniel alleges in his complaint that it was actually WCI officials who violated his constitutional rights by failing to transfer him to BHU, but that failing is not a constitutional violation. A prisoner has no liberty interest in a specific correctional facility, a specific wing of that facility, or a specific cell in a specific area of that facility, unless such an

5

interest is created under state laws or regulations. *See generally, Parker v. Lane*, 688 F.Supp. 353, 355 (N.D.Ill. 1988).

Third, it seems as if McDaniel is asserting that medical staff recommended he be transferred to BHU in 2010, as shown by the medical document he attached to his complaint that recommends he be placed in a "special management unit." However, it is unclear to me what officials, if any, were aware of this recommendation, who denied the transfer, and whether McDaniel suffered any harm because he was not moved to BHU considering it has been nearly eight years since the recommendation was made. *See Farmer*, 511 U.S. at 837. I, however, will allow McDaniel to amend his complaint to provide this additional information and clarify his allegations regarding his placement in BHU.

When writing his amended complaint, McDaniel should provide me with enough facts to answers to the following question: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? McDaniel's complaint does not need to be long, or contain legal language or citations to statutes or cases, but it does need to provide me and each defendant with notice of what each defendant allegedly did to violate his rights.

I am enclosing a copy of the court's complaint form and instructions. McDaniel should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—18-CV-208—in the field for "Case Number." He must list all of the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of

paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint, and must be complete in itself; McDaniel cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If McDaniel files the amended complaint by the deadline, I will screen it under 28 U.S.C. §1915A.

3.   *Motion to Appoint Counsel*

Lastly, McDaniel has motioned for appointment of counsel. In a civil case, I have discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After which, I decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, I look, not only at the person's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id*.

In his motion, McDaniel does not state that he has sought counsel on his own. So I will deny his motion on that basis. However, even if he had stated such, I would deny his motion because he has not alleged that he lacks capacity specifically to try his case. He merely outlines a psychological evaluation reinforcing his diagnosed mental status. He, however, has filed other motions showing that he has a sufficient understanding of the law

7

to amend his complaint without the assistance of counsel. Should the circumstances of the case or McDaniel's ability to litigate change, I will consider motions asking me to recruit pro bono counsel in the future.

**NOW, THEREFORE, IT IS ORDERED** that McDaniel's motion for leave to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED.**

**IT IS ALSO ORDERED** that McDaniel's first and second motions for order to use release account for initial partial filing fee **(**Docket # 11, 12) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that McDaniel's motion to appoint counsel (Docket # 9) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **May 7, 2018**, McDaniel shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of McDaniel shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from McDaniel's prison trust account in an amount equal to 20% of the preceding month's income credited to McDaniel's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McDaniel is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with McDaniel's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where McDaniel is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, McDaniel shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If McDaniel is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McDaniel is further advised that failure to make a timely submission may result in the court continuing with this litigation on the claims on which the court allowed McDaniel to proceed. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 9th day of April, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.