# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MILTON MCDANIEL,**

    **Plaintiff,**

    **v.**                                                        **Case No. 18-CV-208**

**WAUPUN CORRECTIONAL INSTITUTION,**

    **Defendant.**

## DECISION AND ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT

      Milton McDaniel, who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He also filed a motion to proceed without prepayment of the filing fee. On April 9, 2018, I screened the original complaint and directed McDaniel to file an amended complaint if he wanted to proceed; I also waived his initial partial filing fee given his lack of funds. Docket #15. McDaniel filed an amended complaint on April 16, 2018, docket #25, and filed a motion to use his release account to pay his initial partial filing fee, docket #19. He has also filed twelve letters with the court regarding his claims against the defendant. Docket #'s 16-18, 20-22, 24, 26-30.

      Because I already waived his initial partial filing fee due to his lack of funds, I will deny as moot McDaniel's motion to use his release account to pay his initial partial filing fee. McDaniel shall pay the filing fee over time as explained in my April 9, 2018 screening order. Docket # 15.

*Screening of Amended Complaint*

Federal law requires that I screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give the *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

McDaniel alleges that the "Waupun Correctional Institution" violated his rights to medical care by not transferring him to BHU, the behavioral health unit. He asserts that he is a mentally disabled inmate who has a "serious brain injur[y]" that should be in BHU because he is "really stressed out." Dkt. # 25, at 2-3. However, during his eight years of incarceration, he had not been placed in BHU. His "clinical" refuses to refer him to BHU. *Id*. He states he informed the security director and Dr. Van Buren of this "and they said no to [] McDaniel mental health." *Id*. at 2. McDaniel then goes on to name several other people who also did not "put[] [him] where he belong which is BHU." *Id*. at 3. McDaniel seeks compensatory damages.

As a primary matter, McDaniel has again failed to name the proper defendant. Section 1983 allows a plaintiff to sue any "person" who violates his civil rights under color of state law. The Waupun Correctional Institution is not a proper defendant, because it is building and not a person that may sued under § 1983. *Nava v. Sangamon County Jail*, 2014 WL 1320259, *2 (C.D. Ill. April 2, 2014); *Wright v. Porter County*, 2013 WL 1176199, *2 (N.D. Ill. Mar. 19, 2013) ("Wright also sued the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); *Phillips v. Sangamon County Jail*, 2012 WL 4434724, *2 (C.D. Ill. Sept. 24, 2012).

Further had McDaniel named as a defendant any of the persons he lists in his facts, he has still failed to allege sufficient facts in support a claim of a constitutional violation. McDaniel alleges that his constitutional rights were violated because "clinical," the security director, Dr. Van Buren, and several other individuals failed to transfer him to BHU. This purported failing, however, is not a constitutional violation. A prisoner has no liberty interest in a specific correctional facility, a specific wing of that facility, or a specific cell in a

specific area of that facility, unless such an interest is created under state laws or regulations. *See generally, Parker v. Lane*, 688 F.Supp. 353, 355 (N.D.Ill. 1988).

Moreover, to prevail on an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle*, 429 U.S. at 106. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Additionally, the official must be both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

First, McDaniel's general claim of being stressed out, without more, is insufficient to implicate the objective prong of the Eighth Amendment. Second, even if I were to assume at this stage that McDaniel's had sufficiently alleged a serious medical need, his allegations do not support an inference that the prison official's denial of his placement in BHU were blatantly inappropriate. *See Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.1974). Indeed, McDaniel's allegations amount to a mere disagreement with the prison officials' decision not to place him in BHU. A disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

However, I acknowledge the numerous letters McDaniel has filed some of which discuss facts that could possibly be sufficient to support a constitutional violation claim. For

example, McDaniel explains in his letter filed on April 18, 2018, that he was in pain due to what was later determined to be liver damage. Docket # 26. Instead of the officers taking him to the hospital, they placed him in segregation. *Id.* In the other letter he filed on April 18, McDaniel states that several officers unreasonably injured his arms and wrist. Docket # 27. In light of this, I will allow McDaniel to file a second amended complaint to include as well as clarify these possible claims.

I am again enclosing a copy of the court's complaint form and instructions. McDaniel should write the word "SECOND AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—18-CV-208—in the field for "Case Number." *He must list all of the defendants in the caption of the complaint.* He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page).

When writing his second amended complaint, McDaniel is advised that he must not only list all of the defendants in the caption of his complaint that he believes committed the violations that relate to each of his claims but he should also include all of his claims in this second amended complaint. I will not acknowledge any future letters asserting other claims.

McDaniel is further advised that he should provide me with enough facts to answers to the following question: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights?. He should also be mindful of Federal Rules of Civil Procedure 18(a) and 20(a)(2). Rule 18(a) allows a party to assert "multiple claims against a

single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). That is, McDaniel can file his second amended complaint against a proper defendant or defendants and assert several unrelated claims so long as all of the claims are against that proper defendant or defendants. Rule 20(a)(2) allows for joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2). That is, McDaniel can file his second amended complaint against multiple defendants that may have violated his rights in different ways as it relates to a common incident or question of law.

The second amended complaint takes the place of the prior complaint, and must be complete in itself; McDaniel cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If McDaniel files the second amended complaint by the deadline, I will screen it under 28 U.S.C. §1915A.

**NOW, THEREFORE, IT IS ORDERED** that McDaniel's motion to use release account to pay initial partial filing fee (Docket # 19) is **DENIED as moot**.

**IT IS ALSO ORDERED** that on or before June 22, 2018, McDaniel shall file an amended pleading curing the defects in the amended complaint as described herein.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where McDaniel is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, McDaniel shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If McDaniel is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McDaniel is further advised that failure to make a timely submission may result in the court continuing with this litigation on the claims on which the court allowed McDaniel to proceed. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 24th day of May, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.