# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MILTON MCDANIEL,**

    Plaintiff,

    v.                                              Case No. 18-CV-208

**C.O. BEAHM[1],**
**DR. GRUBER, and**
**SGT. MONUAGEY,**

    Defendants.

---

## DECISION AND ORDER ON
## SCREENING PLAINTIFF'S THIRD AMENDED COMPLAINT

---

On June 19, 2018, I screened plaintiff Milton McDaniel's second amended complaint. In my review of the complaint as well as the twelve letters McDaniel's had also filed with the court, I allowed McDaniel to file a third amended complaint clearly identifying his claim. Docket # 34. McDaniel's took advantage of that opportunity and filed a third amended complaint on June 22, 2018. Docket # 35.

Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, the court has jurisdiction to screen the third amended complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

---

[1] Although McDaniel lists a "C.O. Beahm" as a defendant while referencing a "Sgt. Beahm" throughout his complaint, I will construe this to be the same individual and will refer to him a "C.O. Beahm" in my order.

**Screening of the Third Amended Complaint**

    *1.*    *Federal Screening Standard*

Federal law requires that I screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, I follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the

deprivation was caused by the defendant acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give the pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, McDaniel alleges that on December 26, 2017, after telling the defendants that his liver was "messed up" due to his having swallowed a handful of pills and that he was going to kill himself, the defendants placed him in observation. Docket # 35 at 2. While being placed in observation, McDaniel states that C.O. Beahm broke his finger.

McDaniel further alleges that he later spoke with Dr. Gruber and explained to him that he "was not alright," that he "ha[s] a bad liver," that he was "losing [his] mind," and that "Sgt. Beahm had brok[en] [his] finger." *Id*. at 3. Dr. Gruber responded by "[letting] them do what they did to [McDaniel]," which included C.O. Beahm and Sgt. Monuagey bruising McDaniel's arms and refusing to allow him medical treatment. *Id*.

McDaniel seeks injunctive relief and compensatory and punitive damages.

2.  *Analysis*

First, McDaniel seems to be alleging a claim of excessive force against defendants C.O. Beahm and Sgt. Monuagey. Claims for excessive force fall under the Eighth Amendment's prohibition on cruel and unusual punishment, which bars "unnecessary and wanton infliction of pain," particularly when "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2001). A prison official is liable for such a claim when he inflicts an injury "maliciously and sadistically for the very purpose of causing harm." *See*

3

*Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). McDaniel asserts that C.O. Beahm broke his finger while placing him in observation and that both C.O. Beahm and Sgt. Monuagey bruised his arms thereafter. He does not allege that the officials' actions were done for any other purpose than to harm him. Thus, I find that McDaniel has sufficiently alleged and may proceed on a claim of excessive force against C.O. Beahm and Sgt. Monuagey.

Next, McDaniel seems to be alleging a failure to protect claim against Dr. Gruber. Such a claim also falls under the Eighth Amendment's prohibition on cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Prison officials have a "duty to 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "To state a failure to protect claim, a plaintiff-inmate must allege that (1) 'he is incarcerated under conditions posing a substantial risk of serious harm,' and (2) defendant-officials acted with 'deliberate indifference' to that risk." *Id*. (quoting *Farmer*, 511 U.S. at 834). For screening purposes, I will presume that the acts McDaniel alleges were committed against him by C.O. Beahm and Sgt. Monuagey posed a substantial risk of serious harm. *See Id.* at 910-11 (quoting *Farmer*, 511 U.S. at 834) ("'Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'").

Regarding the second prong of a failure to protect claim, an official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 913 (quoting *Farmer*, 511 U.S. at 838). McDaniel alleges that he informed Dr. Gruber

that C.O. Beahm had broken his finger to which Dr. Gruber responded by "[letting] them do what they did to [McDaniel]." Docket # 35 at 3. That included both C.O. Beahm and Sgt. Monuagey bruising McDaniel's arms. Thus, I find that McDaniel has sufficiently alleged and may proceed on a failure to protect claim against Dr. Gruber.

Lastly, McDaniel seems to be alleging a deliberate indifference to his serious medical needs claim against all of the defendants. Such a claim also constitutes "the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Wilson v. Adams*, No. 16-1889, 2018 WL 4025060, at *2 (7th Cir. Aug. 23, 2018) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661–62 (7th Cir. 2016). To state a claim for deliberate indifference to serious medical needs, an inmate "must establish that he suffered from 'an objectively serious medical condition' and that the 'defendant was deliberately indifferent to that condition.'" *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). McDaniel alleges that he suffered a broken finger and a bruised arm. Thus, for screening purposes, I find that he has sufficiently alleged objectively serious medical conditions.

As for the subjective prong, again, deliberate indifference requires that the official know of the serious harm but disregard it. *Brown*, 398 F.3d at 913; *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)) (A prison official has a sufficiently culpable state of mind when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk.").

McDaniel alleges that Dr. Gruber was made aware of his broken finger but did nothing and that C.O. Beahm and Sgt. Monuagey bruised his arm and refused to allow him medical treatment. Therefore, I find that McDaniel has sufficiently alleged and may proceed on a claim of deliberate indifference to his medical needs against C.O. Beahm, Sgt. Monuagey, and Dr. Gruber.

**THEREFORE, IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, the clerk's office shall electronically send copies of McDaniel's complaint and this order to the Wisconsin Department of Justice for service on defendants C.O. Beahm, Sgt. Monuagey, and Dr. Gruber.

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, defendants C.O. Beahm, Sgt. Monuagey, and Dr. Gruber shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that under the Prisoner E-Filing Program, McDaniel shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[2] If McDaniel is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

I advise McDaniel that, if he fails to file documents or take other required actions by the deadlines the court sets, I may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 21st day of September, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge