# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MILTON MCDANIEL,**

    Plaintiff,

  v.                                Case No. 18-CV-208

**JOSEPH BEAHM,**

    Defendant.

# REPORT AND RECOMMENDATION
# ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Milton McDaniel, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. § 1983. He alleges claims under the Eighth Amendment against Corrections Officer Joseph Beahm. Both McDaniel and Beahm move for summary judgment. For the reasons explained below, I recommend that Beahm's motion be granted and McDaniel's motions be denied.

## BACKGROUND

*Procedural Background*

I screened McDaniel's complaint and thrice allowed him to file an amended complaint. I then allowed McDaniel to proceed on claims under the Eighth Amendment against Corrections Officer Joseph Beahm, Sergeant Andrew Moungey, and Dr. Devona Gruber. (ECF No. 41.) I later granted McDaniel's motion to voluntarily dismiss Moungey and Gruber from the lawsuit. (ECF No. 56.)

Beahm, the only remaining defendant, moved for summary judgment on exhaustion grounds. (ECF No. 59.) I ordered McDaniel to respond to Beahm's motion, but he instead filed his own motion for summary judgment. (ECF No. 69.) In an order discussing those motions, I noted that McDaniel had not submitted any inmate complaint about his finger after December 26, 2017, but had submitted an inmate complaint on October 10, 2013, in which he alleged that Beahm broke his finger and bruised him. (ECF No. 71 at 3 (citing ECF No. 62-1 at 1).) I construed the third amended complaint as alleging two instances of harm by Beahm, one on October 10, 2013, and the other on December 26, 2017; allowed McDaniel to proceed on both claims; and ordered the parties to file supplemental briefing addressing whether McDaniel properly exhausted his administrative remedies for the earlier claim. (*Id.* at 3–4.)

Beahm submitted a supplemental brief and supporting documents. (ECF Nos. 73–75.) McDaniel filed a second motion for summary judgment and a one-page brief in support. (ECF Nos. 76 & 77.)

*Factual background*[1]

McDaniel is an inmate of the Wisconsin Department of Corrections ("WDOC") and currently is confined at Waupun Correctional Institution ("WCI"). He alleges that

---

[1] McDaniel neither filed proposed findings of fact in support of his motions for summary judgment nor responded to Beahm's proposed findings of fact. Therefore, the facts in this section are taken from Beahm's proposed findings of fact and supplemental findings of fact. (ECF Nos. 61 & 75.) Because McDaniel failed to respond to Beahm's facts as required under Civil L. R. 56(b)(2)(B), those facts are deemed admitted for purposes of this recommendation. *See* Civil L. R. 56(b)(4); *Smith v.*

2

Officer Beahm broke his finger and bruised his arms on December 26, 2017, and failed to allow him to seek medical treatment following the incident. (ECF No. 61, ¶ 1; *see* Third Amended Complaint, ECF No. 35 at 2–3.) According to a report of McDaniel's inmate-complaint history, McDaniel did not file an inmate complaint about any of Beahm's alleged actions from December 26, 2017. (ECF No. 61, ¶¶ 2–3 (citing ECF No. 62-1).)

McDaniel did file an inmate complaint on October 10, 2013, alleging that Beahm broke his finger and bruised him on August 30, 2013. (ECF No. 75, ¶ 1 (citing ECF No. 74, ¶ 5; ECF No. 74-1 at 8).) On October 29, 2013, an inmate-complaint examiner ("ICE") rejected the complaint because McDaniel had not timely submitted it within fourteen days of the incident. (*Id.*, ¶ 2 (citing ECF No. 74, ¶ 6; ECF No. 74-1 at 9).) On October 31, 2013, McDaniel requested a review of the rejected complaint. (*Id.*, ¶ 3 (citing ECF No. 74, ¶ 7; ECF No. 74-1 at 9).) The Reviewing Authority affirmed the ICE's rejection of the complaint. (*Id.*, ¶ 4 (citing ECF No. 74, ¶ 8; ECF No. 74-1 at 5).)

## SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor.

---

*Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

*Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

Beahm moves for summary judgment on the ground that McDaniel has not exhausted his claims. Specifically he contends that, because McDaniel did not comply with the WDOC's rule that an inmate complaint must be filed within fourteen days of the incident, he failed to exhaust his administrative remedies regarding the October 10, 2013, incident. Additionally, Beahm asserts that McDaniel filed no inmate complaint regarding the alleged December 26, 2017, incident, and therefore also failed to exhaust his remedies for that incident.

McDaniel's motions do not address the timing of his inmate complaint or counter Beahm's assertions that he failed to exhaust his administrative remedies for either claim. He merely reiterates the allegations of his third amended complaint and inmate complaints against Beahm.

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.

4

2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). Because exhaustion is an affirmative defense, Beahm bears the burden of proving that McDaniel failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Wisconsin has established an "Inmate Complaint Review System ("ICRS") to allow inmates to file complaints about the rules, living conditions, and staff actions at their institutions. Under the ICRS, an inmate has fourteen days after an incident to file a complaint. Wis. Admin. Code § DOC 310.07(2) (formerly DOC 310.09(6)). An ICE reviews and investigates an inmate complaint and either rejects the complaint or recommends action to a Reviewing Authority, who then dismisses or affirms the complaint. Wis. Admin. Code §§ DOC 310.10(2) and 310.11(2). Inmates must exhaust all administrative remedies that the DOC has promulgated by rule before commencing a civil action against an officer, employee, or agent of the DOC. Wis. Admin. Code § DOC 310.05.

Exhaustion of administrative remedies has not occurred "unless the prisoner completes the administrative process by following the rules the state has established

5

for that process." *Pozo*, 286 F.3d at 1023. If the prisoner fails to use the grievance process properly, his claim "can be indefinitely unexhausted." *Dole*, 438 F.3d at 809 (citing *Pozo*, 286 F.3d at 1025); *see Woodford*, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."). "A rejected complaint is not exhausted, and the plaintiff cannot proceed with it in federal court." *Spates v. Sauvey*, No. 16-CV-160-PP, 2017 WL 176302, at *4 (E.D. Wis. Jan. 17, 2017) (citing *Woodford*, 548 U.S. at 90, and *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)).

Regarding the October 10, 2013 incident, McDaniel did not file an inmate complaint within fourteen days of the alleged incident, as former Wis. Admin Code § DOC 310.09(6) required. The ICE rejected his complaint for that reason, (ECF No. 74-1 at 2), and the Reviewing Authority rejected McDaniel's request for review on the same grounds. (*Id.* at 3, 5). McDaniel's claim on the October 10, 2013, incident is therefore indefinitely unexhausted, and he may not proceed in federal court on a claim about that incident. *See Dye v. Bett*, 79 F. App'x 226, 228 (7th Cir. 2003) (affirming grant of summary judgment against Wisconsin inmate who waited eleven months after incident occurred to file inmate complaint).

McDaniel also failed to exhaust his remedies as to the the December 26, 2017 incident because he filed no inmate complaint. And because well over fourteen days have elapsed since that date, his administrative remedies for the December 26, 2017, incident also remain indefinitely unexhausted. Beahm is entitled to summary

judgment, and this case should be dismissed without prejudice. *See Ford*, 362 F.3d at 401 (noting that "*all* dismissals under § 1997e(a) should be without prejudice").[2]

**IT IS THEREFORE RECOMMENDED** that defendant Joseph Beahm's motion for summary judgment (ECF No. 59) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff Milton McDaniel's motions for summary judgment (ECF Nos. 69 & 76) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED** without prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated in Milwaukee, Wisconsin, this 24th day of January, 2020.

BY THE COURT:

s/ Nancy Joseph
NANCY JOSEPH
United States Magistrate Judge

---

[2] Because it is undisputed that McDaniel failed to exhaust his administrative remedies, a hearing as described in *Pavey*, 544 F.3d at 742, is unnecessary to resolve the exhaustion issues.